United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENRIQUE JOSE BOLIVAR SUAREZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05186 |
| | § | |
| MARTIN FRINK, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court are *pro se* Petitioner Enrique Jose Bolivar Suarez's Petition for Writ of Habeas Corpus (Doc. #1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #8). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Enrique Jose Bolivar Suarez ("Petitioner"), a citizen of Venezuela, entered the United States without inspection on or about September 18, 2023, near Eagle Pass, Texas. Doc. #8, Ex. 1 at 1. Upon entry, Petitioner was apprehended by immigration authorities and detained. *Id.* At that time, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging Petitioner with being "an alien present in the United States who has not been admitted or paroled" and therefore inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. *Id.* Petitioner was placed in removal proceedings and later released on his own recognizance subject to certain conditions. Doc. #1, Ex. 1 at 1-2; Doc. #8 at 2. Over two years later, on May 18, 2026, Respondents re-detained Petitioner after local police took him into custody based on an allegedly expired vehicle registration sticker. Doc. #1 at 12-13; Doc. #8 at 2.

He is currently in custody at the Houston Contract Detention Center in Houston, Texas and has not been afforded a bond hearing. Doc. #1 at 13. According to the record before the Court, there is no evidence Petitioner ever failed to comply with the conditions of his release. *See* Doc. #1; Doc. #8. Furthermore, the parties do not dispute that Petitioner has no criminal history, and the record does not suggest he is a flight risk or danger to the community. Doc. #1 at 12; *see* Doc. #8.

Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).[1] Doc. #8 at 4-5. Petitioner contends that his re-detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 17-19. Courts in the Southern District of Texas have held that the re-detention of a noncitizen previously released on recognizance, without a pre-deprivation hearing or a showing of changed individual circumstances, violates procedural due process. *See Betancourth v. Tate*, No. 4:26-CV-01169, 2026 WL 638482 at *3–5 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4–6 (S.D. Tex. Feb. 25, 2026); *Leon v. Joe Corley Detention Facility*, No. CV 4:26-1341, 2026 WL 905191, at *3–5 (S.D. Tex. Apr. 2, 2026). Likewise, courts have found procedural due process violations where noncitizen detainees lack criminal history, are not flight risks, and pose no danger to the community. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13,

---

[1] Respondents also argue the Court should stay proceedings pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez v. Ortega*. Doc. #8 at 3 (citing 2026 WL 1906557, No. 26-50183 (5th Cir. July 2, 2026)). The Fifth Circuit's one-sentence stay order contains no analysis and does not indicate precedential effect beyond the consolidated appeals at issue. The Court agrees with its sister court in the Southern District of Texas that the stay should not be read as foreclosing due process claims in other cases. *See Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3–4 (S.D. Tex. July 27, 2026).

2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's re-detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines that release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #8. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3. Respondents are further ORDERED to return to the Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

JUL 3 1 2026

Date

The Honorable Alfred H. Bennett
United States District Judge